IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **LARRY ARCHIE ROUNTREE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:16-CV-0152-MTT-CHW |
| VS. | : | |
| | : | |
| **PAMELA REESE,** | : | |
| **Ms. TRUEBLOOD, and** | : | |
| **CHRISTIAN HILDRETH,** | : | |
| | : | |
| Defendants. | : | |

### **ORDER**

This case is currently before the Court due to Plaintiff's repeated failure to comply with the orders of this Court. On May 12, 2016, *pro se* Plaintiff Larry Archie Roundtree, an inmate confined at Central State Hospital in Milledgeville, Georgia, was ordered to (1) submit a certified copy of his trust account statement to support his claim of indigence and (2) recast his statement of claims. *See* Order, May 12, 2016, ECF No. 8. Plaintiff was given twenty-one days to comply and warned that a failure to comply with an order of the court could result in the dismissal of his complaint. *Id.* The time allowed for compliance nonetheless expired without any response from Plaintiff. The United States Magistrate Judge thus ordered Plaintiff to respond and show cause why his lawsuit should not be dismissed for failure to comply. *See* Show Cause Order, July 15, 2016 (ECF No. 9). Plaintiff was given fourteen days to respond to the Show Cause Order and advised that

1

failure to do so would "result in the immediate dismissal of Plaintiff's Complaint, pursuant to Rule 41 of the Federal Rules of Civil Procedure," without further warning. *Id.*

The time for filing a response to the Show Cause Order has now passed; and Plaintiff has not yet complied with either order of the Court. This Court has in fact not received any correspondence from Plaintiff since his case was transferred here from the Northern District of Georgia on April 25, 2016 (ECF No. 5).

Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for his failure to comply and diligently prosecute his case.[1]  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

       **SO ORDERED** this 21st day of September, 2016.

       S/ Marc T. Treadwell
       MARC T. TREADWELL, JUDGE
       UNITED STATES DISTRICT COURT

---

[1] Plaintiff's claims arise out of conduct that was ongoing when he signed his complaint on March 10, 2016. Thus, it does not appear that any statute of limitations would bar his claim.